EDMONDSON, Circuit Judge,
concurs in the judgment.
HULL, Circuit Judge,
specially concurring:
I concur in affirming the judgment of the district court and in Judge Wilson’s opinion except for Section II-B. Because Cave’s challenge to the state court’s factual findings fails under § 2254(d)(2), we need not address § 2254(e)(1). See Wood v. Allen, 558 U.S. -, 130 S.Ct. 841, 845, 175 L.Ed.2d 738 (2010) (“We conclude ... that the state court’s factual determination was reasonable even under petitioner’s reading of § 2254(d)(2), and therefore we need not address that provision’s relationship to § 2254(e)(1). Accordingly, we affirm the judgment of the Court of Appeals on that basis.”). Neither the district court’s decision, nor this Court’s decision here, turns on the distinction between the unreasonableness standard in § 2254(d)(2) and the separate clear-and-convincing-evidence standard in § 2254(e)(1). Thus, Section II-B’s discussion of § 2254(e)(1) is merely dicta. Just as the United States Supreme Court limited its discussion to § 2254(d)(2) in Wood v. Allen, I would do so here.
Additionally, I am concerned that Section II-B quotes isolated parts of our prec *756 edents out of context and incorrectly characterizes what our precedents say, or do not say, about the relationship between § 2254(d)(2) and § 2254(e)(1). The decisions cited in Section II-B speak for themselves and Section II-B’s characterization of them does not change what they hold or do not hold.